RECEIVED CLERK'S OFFICE

2008 JAN -3 A 11: 13

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eugene R. Daniels, #146660, | ) C/A No.: 9:07-3738-MBS-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Sergeant Saylor; IGC Ms. White; IGC Ms. Montgomery; IGA Ms. Bowie; IGC Ms. Carrington; IGC Ms. Jenkins; and IGC Ms. Randall, | ) |
| Defendants. | ) |

This matter has been filed pursuant to 42 U.S.C. § 1983 by a state inmate who is proceeding *pro se*. Plaintiff seeks the return of his "coby walkman radio". He alleges he was directed by SCDC personnel to bring his property to be inventoried because he was going to be transferred. According to the complaint, plaintiff was subsequently told he would not be transferred. When he asked for the return of his property, his walkman was missing, although it appeared on the inventory sheet. Plaintiff alleges he filed Step 1 and 2 grievances, but he maintains he has not received a reply to his Step 2 grievance, and SCDC's time to respond has expired.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal

district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, the complaint submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Deprivations of personal property, including negligent deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328-36 & n. 3 (1986). Negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Ruefly v. Landon,* 825 F.2d 792, 798-94 (4th Cir.1987); and *Pink v. Lester,* 52 F.3d 73, 78 (4th Cir.1995). Furthermore, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *DeShaney v. Winnebago Dep't. of Social Services,* 489 U.S. 189, 200-203 (1989).

The United States Court of Appeals for the Fourth Circuit has held that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property-even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state. *Yates v. Jamison,* 782 F.2d 1182, 1183-84 (4th Cir.1986). *Yates* has been partially superannuated for cases where plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty." *See Plumer v. Maryland,* 915 F.2d 927, 929-32 & nn. 2-5 (4th Cir.1990) and *Zinermon v. Burch,* 494 U.S. 113 (1990). Nevertheless, the holding in *Yates* is still binding on lower federal courts in the Fourth Judicial Circuit in cases involving deprivations of personal property.

Under South Carolina law, Plaintiff's claims may be cognizable under SCTCA, § 15-78-10 *et seq.*, S.C.Code Ann. Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Under the SCTCA, a claimant is required to file an administrative claim with the agency, department, or the State Budget and Control Board before seeking judicial relief in a Court of Common Pleas. *See* S.C.Code Ann. § 15-78-80. South Carolina case law indicates that claimants under the SCTCA must strictly comply with its requirements and must timely pursue their claims before the applicable limitations period expires. *See, e. g., Murphy v. Richland Memorial Hosp.*, 455 S.E.2d 688 (S.C.1995); and *Pollard v. County of Florence*, 444 S.E.2d 534 (S.C.Ct.App.1994).

Cases from other circuits point out that the availability of a state cause of action for an alleged loss of property provides adequate procedural due process. In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh*, 782 F.2d 825, 826 (9th Cir.1986); *Slaughter v. Anderson*, 673 F.Supp. 929, 930 (N.D.Ill.1987).

Therefore, since the plaintiff has a viable state court remedy for the deprivation of his personal property, this matter should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe*, 998 F.2d 201, 202-204 & n.* (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); *Boyce v. Alizaduh, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after

docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

January __2__, 2008
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

*__The plaintiff's attention is directed to the important notice on the next page.__*

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).