UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Eugene R. Daniels, #14660, ) | C/A No.: 0:07-3738-MBS-GCK |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Sergeant Saylor; IGC Ms. White; IGC ) | |
| Ms. Montgomery; IGC Ms. Bowie; IGC ) | |
| Ms. Carrington; IGC Ms. Jenkins; and ) | |
| IGC Ms. Randall, ) | |
| ) | |
| Defendants. ) | |

## FACTS

Plaintiff Eugene R. Daniels is a state inmate in the custody of the South Carolina Department of Corrections (SCDC) who is currently housed at the Lieber Correctional Institution in Ridgeville, South Carolina. On November 16, 2007, Plaintiff, appearing *pro se*, filed the within action pursuant to 42 U.S.C. § 1983, seeking the return of his "coby walkman radio." According to the complaint, Plaintiff was told he was being transferred and was directed by SCDC personnel to bring his property to be inventoried. Plaintiff was subsequently informed that he would not be transferred. When Plaintiff requested that his property be returned, his walkman was missing, despite appearing on the inventory sheet. Plaintiff alleges that he filed Step 1 and 2 grievances with his correctional facility, but that he has not received a response to his Step 2 grievance and SCDC's time to respond has expired.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the United States Magistrate Judge George C. Kosko for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the procedural provisions of 28 U.S.C. §

1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act.  The Magistrate Judge filed a Report and Recommendation on January 3, 2008.  The Magistrate Judge recommended that the case be summarily dismissed because (1) deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983, *see Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986), and (2) Plaintiff has a viable state court remedy under S.C. Code Ann. § 15-78-10 *et seq*.  Plaintiff filed objections to the Report and Recommendation on January 14, 2008.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

Plaintiff raises two objections to the Magistrate Judges's Report and Recommendation.  Plaintiff alleges that the Magistrate Judge failed to address his claim that he has been denied the right to exhaust his lost property claim through administrative remedies.

Section 1983 creates a cause of action against persons acting under color of state law

2

who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983. In order to state a claim under § 1983, Plaintiff must allege a cognizable federal constitutional claim. *Givens v. O'Quinn*, 121 Fed. App'x 984, 994, 2005 WL 488804 (4th Cir. 2005). The Fourth Circuit has found that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *see also Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("a prison official's failure to comply with the state's grievance procedure is not actionable under § 1983"). Thus, Plaintiff's claim that he has a right to exhaust his administrative remedies is not cognizable under § 1983.

Plaintiff also objects to the Magistrate Judge's recommendation of summary dismissal alleging that he exhausted his administrative remedies prior to bringing the within § 1983 action. Objections at 1-2. However, the Magistrate Judge did not recommend summary dismissal of Plaintiff's claims for a failure to exhaust administrative remedies. Rather, the Magistrate found that this action should be dismissed because deprivations of personal property do not support an action for damages under 42 U.S.C. § 1983, and because the plaintiff has a viable state court remedy for the deprivation of his personal property. *See Yates v. Jamison*, 782 F.2d 1182, 1183-84 (4th Cir. 1986). This objection fails to direct the court's attention to a specific error in the Magistrate Judge's proposed findings and recommendations. The court has carefully reviewed the record and case law on this issue and concurs in the recommendation of the Magistrate Judge. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's

complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ Margaret B. Seymour<br>United States District Judge

Columbia, South Carolina

November 6, 2009.